UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CONSTANCE R. SMITH, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:14-cv-1455 |
| ) | Judge Trauger |
| v. ) | |
| ) | |
| MARTHA SMITH, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

Pending before the court is a Motion to Dismiss (Docket No. 11) filed by the defendant, Martha Smith, to which the plaintiff, Constance R. Smith, has filed a Response in opposition (Docket No. 14). For the reasons stated herein, the court will order the plaintiff to submit supplemental evidence to the court related to her domicile for the purpose of determining the court's subject matter jurisdiction over this action.

This action arises from an automobile accident that occurred on August 13, 2013 in Nashville, Tennessee. The plaintiff filed the Complaint on July 11, 2014, in which she pleads that she is a resident of Bermuda, and that the defendant is, upon information and belief, a resident of Williamson County, Tennessee. (Docket No. 1.) The Complaint further alleges that this court possesses subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332, the statute that governs diversity of citizenship jurisdiction.

On April 8, 2015, the defendant filed a Motion to Dismiss, asserting that the court lacks subject matter jurisdiction over this action and, therefore, the action must be dismissed pursuant to Rule 12(b)(1). Specifically, the defendant asserts a factual challenge to the Complaint and

1

argues that the plaintiff is a dual resident of Tennessee and Bermuda. Consequently, the defendant argues, the parties lack diversity and the court lacks jurisdiction over the action.

In her Response in opposition to the motion, the plaintiff appears to misunderstand the limitations that the Federal Rules of Civil Procedure impose on parties at the Rule 12 stage. Contrary to the plaintiff's argument in her Response, the court need not convert the defendant's Rule 12(b)(1) motion into a summary judgment motion merely because the defendant submitted evidence from outside of the pleadings in support of her motion.

A Rule 12(b)(1) motion may challenge the complaint on its face, or it may contest the existence of subject matter jurisdiction in fact. Where, as here, a Rule 12(b)(1) motion contests subject matter jurisdiction factually, the court "must weigh the evidence" in order to determine whether it has the power to hear the case. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). When the facts are disputed, "[t]he district court has broad discretion to consider affidavits, documents outside the complaint, and to even conduct a limited evidentiary hearing if necessary." *Cooley v. United States*, 791 F. Supp. 1294, 1298 (E.D. Tenn. 1992), *aff'd sub nom. Myers v. United States*, 17 F.3d 890 (6th Cir. 1994). It is well settled that a court can do so without converting the Rule 12(b)(1) motion into a motion for summary judgment. *Id.*

The plaintiff has failed to submit any evidence in opposition to the Motion to Dismiss. It is well settled that a party invoking federal jurisdiction bears the burden of proving facts that demonstrate that jurisdiction. 13B Wright & Miller, *Federal Practice and Procedure* § 3522 (2d Ed. 1984). The diversity and alienage jurisdiction statute, 28 U.S.C. § 1332(a), states that the federal district courts should have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000 (exclusive of interest and costs) and is between (1) citizens of different states; or (2) citizens of a State and citizens or subjects of a foreign state.

Here, the Complaint does not specify what provision of Section 1332 the plaintiff relies upon for her allegation that this court has jurisdiction over this matter. However, she appears to claim that this court has jurisdiction because she is domiciled in Bermuda, a foreign state. Accordingly, upon the defendant's challenge to the court's subject matter jurisdiction, the plaintiff must submit evidence that permits the court to answer three important questions: at the time this action was filed, was the plaintiff a citizen of any of the United States? Was she a citizen or subject of Bermuda? Or, finally, as the defendant argues, was she a dual citizen of Tennessee and Bermuda? These inquiries—and the court's determination of whether the action falls within Congress's grant of original jurisdiction to the federal district courts—are dependent on a careful analysis of both facts and law. *See, e.g.*, *Van Dunser v. Aronoff*, 915 F.2d 1071, 1073 (6th Cir. 1990); *Sadat v. Mertes*, 615 F.2d 1176, 1187 (7th Cir. 1980).

The plaintiff requests in her Response that, if the court does not deny the pending motion outright, the court permit the plaintiff leave to supplement the record. The court will grant the plaintiff's request and will order her to file evidence in support of her Response in opposition to the Motion to Dismiss within 14 days of this Order. Should the defendant wish to file a Reply to the plaintiff's additional filing, she will do so within 7 days of the filing by the plaintiff.

## **CONCLUSION**

For these reasons, the plaintiff is **ORDERED** to file any supplemental evidence with respect to the parties' diversity of citizenship by June 2, 2015. It is further **ORDERED** that the defendant will file any Reply within 7 days of the filing by the plaintiff.

3

It is so **ORDERED**.

Enter this 19th day of May 2015.

                                                    ALETA A. TRAUGER
                                                    United States District Judge